Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540-6227

troutman.com

**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

April 4, 2024

**VIA Email (Chambers_of_Judge_Harvey_Bartle@paed.uscourts.gov)**

The Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:** ***Atlas Data Privacy Corp., et al v. CoreLogic, Inc., et al.***
**Civil Action No. – 2:24-cv-4230 (DNJ)**

**Application for an Extension of Time on CoreLogic, Inc.'s Responsive Pleading Deadline**

Dear Judge Bartle:

This firm represents Defendant CoreLogic, Inc. ("CoreLogic"). We write to respectfully request a thirty-day extension of time to answer, move or otherwise plead in response to the Complaint that was filed in the above-referenced matter. If the extension is granted, CoreLogic's new deadline to respond to the Complaint would be **May 16, 2024**.

As a preliminary matter, I note that I previously reached out to Plaintiffs' counsel about the requested thirty-day extension to seek their consent to the relief now being sought. I sought to procure that consent because, prior to removing this matter from state court, Plaintiffs' counsel originally consented to a thirty-day extension of time in state court. However, Plaintiffs' counsel did not agree to execute the Stipulations of Extension either before or after the matter was removed to federal court.

On April 2, 2024, I conferred with Plaintiffs' counsel about the extension of time. Plaintiffs' counsel advised that he would not consent to any extension without an agreement from CoreLogic to waive certain defenses to the claims asserted. I advised Plaintiffs' counsel that CoreLogic would not relinquish defenses and would make an application for an extension of time directly to the Court.

Because CoreLogic's original deadline to answer, move, or otherwise respond to the Complaint was March 24, 2024, it filed a Local Rule 6.1 Clerk's Extension, to allow time to consult with Plaintiffs' counsel. This Clerk's Extension moved the deadline to April 16, 2024.

CoreLogic now seeks an additional thirty-day extension. CoreLogic believes the extension should be granted because it needs additional time to investigate the claims asserted and research the novel legal issues presented by Plaintiff Atlas Data Corporation's ("Atlas") involvement in this case. Specifically, this case is one of approximately 200 cases that Atlas and various individuals filed alleging violations of New Jersey's Daniel's Law, *N.J.S.A.* 56:8-166.1. Atlas alleges it obtained assignments from more than 19,000 identified individuals, "including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors" who allegedly qualify as "Covered Persons" under Daniel's Law. Atlas also contends the email requests for non-disclosure were sent by "Covered Persons" from an automated "@AtlasMail.com" email platform. CoreLogic needs the time to investigate the emails that were allegedly sent, whether the emails were sent by a "Covered Person," whether the emails contained information to verify the sender is actually a "Covered Person," whether the emails contained duplicates, and whether the emails were sent on behalf of fictitious individuals in an attempt to disable CoreLogic's email system. The extension will also allow CoreLogic to research: (i) the validity of the email notices; (ii) the validity of the assignments Atlas alleges it received from the more than 19,000 unidentified individuals referenced in the Complaint, and (iii) the legal defenses that apply to the highly-unusual fact pattern presented in this case.

In light of the foregoing, good cause exists for the Court to grant CoreLogic's application and to extend the deadline to answer, move, or otherwise plead in response to the Complaint from April 16, 2024 to May 16, 2024. This extension of time to respond will not impact any deadlines or cause any prejudice as the parties have neither conducted a Rule 26(f) conference nor participated in a Rule 16 conference. This request is made in good faith and not for dilatory purpose.

Thank you for the Court's consideration of this request.

Respectfully submitted,

/s/ Angelo A. Stio, III
Angelo A. Stio, III

cc: Ronald I. Raether, Jr., Esq.
Mark Mao, Esq.
Rajiv Parikh, Esq.
John Yanchunis, Esq.

The Honorable Harvey Bartle III, U.S.D.J.
April 4, 2024
Page 3

troutman
pepper

SO ORDERED:

__________________________________
Honorable Harvey Bartle III, U.S.D.J.